UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO ARANT,

    Plaintiff,

v.

Dr. BUNNER, *et al.*,

    Defendants.

Case No. C04-5663JKA

ORDER

    This Civil Rights action is before the undersigned Magistrate Judge by consent. (Dkt. # 23). Before the court are defendant's motion to dismiss (Dkt. # 29) and plaintiff's motion to compel. (Dkt. # 33).

    Defendants contend this action is barred by a running of the statute of limitations. Defendants are in error. In Washington state the statute of limitations is three years. Rose v. Rinaldi, 654 F.2d 546 (9th Cir. 1981).

    The alleged facts which form the basis for this action occurred on October 29 and November 1st, of 2001. This action was commenced when plaintiff filed for *in forma pauperis* status and lodged a proposed complaint with the court on October 6th, 2004. The fact that the court did not file the proposed complaint until November 29th, 2004 is irrelevant. The court considers the filing date to be

ORDER - 1

the date a proposed complaint was lodged with the court. The motion to dismiss is **DENIED.**

The next motion is plaintiff's motion to compel the Attorney General's Office to represent Dr. Bunner, one of the defendant's in this case. (Dkt. # 33). Dr, Bunner no longer works for the Department of Correction and the attempt to serve him by United States Mail was not successful. As he has not been served he has apparently not requested the Attorney General's Office represent him in this action. Plaintiff's attempt to compel the Assistant Attorney General assigned to this action to representing the defendant is improper. The motion is **DENIED.**

There are two other issues the court needs to address. On April 27th, 2004 plaintiff filed a reply to a reply. (Dkt. # 32). There is no such pleading. For each motion there may be a motion a brief an opposition called a response and a reply by the party that originally filed the motion. As a general rule pleadings after the reply are not considered by the Court.

The final issue is plaintiff's attempt to change the case caption to reflect the case as being assigned to Judge Burgess. The file reflects the parties consented to a Magistrate Judge. (Dkt. # 23). Thus the proper case number is 4-5663JKA.

The clerk is directed to send a copy of this order to plaintiff and counsel for defendant's.

DATED this 24th day of May, 2005

/S/ *J. Kelley Arnold*
J Kelley Arnold
United States Magistrate Judge

ORDER - 2