UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTONIO ARANT,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. BUNNER, *et al.*,<br><br>        Defendants. | Case No. C04-5663JKA<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE ACTION |

      This 42 U.S.C. § 1983 civil rights action is before the court on consent pursuant to 28 U.S.C. § 636 (c)(1). (Dkt. # 23). Defendants have filed a motion for summary judgment. (Dkt. # 50). Plaintiff has responded. (Dkt. # 51). Defendants have replied. (Dkt. # 52). This matter is now ripe for review.

      Having reviewed the motion, the attachments and exhibits and the remaining record in the file the court concludes that plaintiff's Eighth Amendment right to be free from cruel and unusual punishment is not denied by a failure to provide him with a surgical procedure to correct damage to his nose caused by a fight with another inmate during a prior incarceration.

## FACTS

      On October 27th, 2001 plaintiff was in a fight with another inmate at the Washington Corrections Center. (Dkt. # 50, Exhibit 1). Plaintiff broke his nose. Plaintiff was evaluated and it

ORDER - 1

was determined that surgery was not necessary at that time. (Dkt. # 50, Exhibit 3). Plaintiff did not complain of trouble breathing. Plaintiff was instructed to sign up for sick call if he had trouble breathing. Between October of 2001 and May of 2002, when plaintiff was released from custody, he was seen once for a headache and trouble breathing. That medical treatment occurred on December 26th, 2002 at the Airway Heights Correction Center. (Dkt. # 50, Exhibit5).

Plaintiff was able to work as an iron worker and as a carpenter while in the community. (Dkt. # 50, Exhibit 5 Attachment A page 34 to 49). On February 14th, 2003 plaintiff returned to the Department of Correction on a new felony conviction. At that time plaintiff indicated he did not have any medical problems or physical limitations. (Dkt. # 50, Exhibit 5, Attachment A page 41).

Plaintiff waited for over two years after re-incarceration before seeking medical treatment for his nose. In June of 2005 plaintiff was evaluated after he complained of "nasal headaches". The person who evaluated him, Margie Sanford, is not a named defendant. Ms. Sanford determined plaintiff was able to breath through both nostrils but had decreased airflow through the right nostril. (Dkt. # 50, Exhibit 7).

On June 29th, 2005 Ms. Sanford presented plaintiff's request for surgery to a care review committee. The committee consisted of three doctors, two physicians assistants, and three nurses. (Dkt. # 50, Exhibit 2 Attachment F). The committee determined that clinical evaluation did not support a finding of medical necessity for the surgery and the request was denied. (Dkt. # 50, Exhibit 2). The parties disagree as to how often plaintiff gets nasal headaches. (Dkt. # 50 and 51). The record discloses plaintiff has only sought medical treatment four or five times since 2001 complaining of any pain or trouble breathing. (Dkt. # 50, Exhibit 5 attachment A pages 14 to 49). Further, plaintiff admits his headaches are responsive to treatment with Tylenol and he has not had any problem getting Tylenol while in custody. (Dkt. # 50, Exhibit 5, at 29 and 36).

## DISCUSSION

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court

ORDER - 2

must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). "When `the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), *quoting* First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968).

A plaintiff must allege deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. § 1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). A 42 U.S.C. § 1983 complaint must allege that (1) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Here, plaintiff alleges that his constitutional right to be free from cruel and unusual punishment has been violated by the medical care he has received. An inmate's Eighth Amendment rights are violated if he or she is treated with deliberate indifference to his or her serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105-106; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988). Similarly, a difference in opinion as to diagnosis or treatment does not establish a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff admits his headaches have been treated with Tylenol and the treatment has alleviated his pain. Further, the facts of this case show a difference of opinion between plaintiff and the Eight members of the review committee as to what treatment should be provided, not deliberate indifference to serious medical need. It is deliberate indifference, not a difference of opinion, that characterizes an Eighth Amendment violation.

ORDER - 3

      To establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. <u>McGuckin</u>, 974 F.2d at 1060; <u>Estelle</u>, 429 U.S. at 104. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. <u>McGuckin</u>, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. <u>Id</u>. Plaintiff has not made that showing. Accordingly the defendants' motion for summary judgment is **GRANTED.** This action is **DISMISSED WITH PREJUDICE**

      The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

      DATED this 15th day of November, 2005.

                                    */S/ J. Kelley Arnold*
                                    J. Kelley Arnold
                                    United States Magistrate Judge

ORDER - 4